UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
                                     :

IFEANYICHUKWU ERIC ABAKPORO,    :
                                       :

               Petitioner,   :                     18-CV-842 (VSB)
                                       :

       -against-       :               **OPINION & ORDER**
                                       :

UNITED STATES OF AMERICA,     :
                                       :

              Respondent.  :
---------------------------------------------------------X

Appearances:

Ifeanyichukwu Eric Abakporo
*Pro Se Petitioner*

Michael Dennis Lockard
United States Attorney's Office, SDNY
New York, NY
*Counsel for Respondent*

VERNON S. BRODERICK, United States District Judge:

        Petitioner Ifeanyichukwu Eric Abakporo ("Abakporo" or "Petitioner") filed a motion for

a writ of habeas corpus pursuant to 28 U.S.C. § 2255 ("Petition") seeking to vacate the sentence

imposed upon him in his criminal case (Case No. 12-CR-340) by Judge Shira A. Scheindlin.

(Doc. 1.)[1]  Before me is the Report and Recommendation of United States Magistrate Judge

Valerie Figueredo (the "Report and Recommendation" or "Report") recommending that I deny

---

[1] In this Opinion & Order, I cite to documents from both the civil docket for this habeas petition and the criminal docket for the underlying criminal case.  I cite to documents filed in the civil action by their docket number alone. When I cite to a document from the related criminal docket, I indicate such by citing the docket number and case number in the citation.

Separately, I note that the criminal case was reassigned to Judge William H. Pauley III on June 16, 2016 after Judge Scheindlin retired.  (No. 12-CR-340, Doc. 300.)  The criminal case was then reassigned to me on August 13, 2021 following Judge Pauley's passing.  (No. 12-CR-340, Doc. 354.)

the Petition.  (Doc. 32 ("Report").)  Petitioner's objections (the "Objections") to the Report are also before me.  (Doc. 35 ("Obj.").)  Because Petitioner fails to raise any proper objections to the Report and raises arguments that are not grounded in the record or the law, I ADOPT the Report in full and DENY the Petition.[2]

I.    **Background**

For purposes of this Opinion & Order, I assume familiarity with the underlying facts and analysis as set forth in Magistrate Judge Figueredo's Report and Recommendation.  (*See generally* Report.)[3]  Petitioner essentially makes two categories of arguments in his Petition:  (1) ineffective assistance of counsel ("IAC") and (2) substantive issues with his sentence.  (*See* Doc. 1.)  With regard to the IAC claims, the Report summarized Petitioner's arguments (collectively, the "Fourteen Habeas Arguments") as follows:

1.  Failure to argue that the Indictment was purportedly returned by an expired grand jury (Abakporo Decl. at 2-8);

2.  Failure to ensure that the Indictment was "present[ed] in open court to the magistrate judge" when it was returned by the grand jury (*id.* at 8-10);

3.  Failure to offer evidence purportedly showing that Washington Mutual and Fremont were not FDIC-insured "financial institutions" when the subject loans were issued, or to object to the prosecution's evidence supporting this showing (*id.* at 11-16; *see also* Abakporo Supp. Mem. at 1-23)[;]

4.  Failure to argue that venue was not proper in this District (Abakporo Decl. at 19-24, 32-34);

5.  Failure to move to dismiss as barred by the statute of limitations allegations in the indictment relating to fraud against Fremont and Long Beach (and failing to investigate the ownership of Long Beach or to object to the jury instructions

---

[2] In the habeas action, pro se Petitioner consented to receiving electronic service by the ECF system.  (Doc. 27.)

[3] In issuing her Report, Judge Figueredo relied on, among other things:  (1) Petitioner's Declaration filed on February 5, 2018, (Doc. 4 ("Abakporo Decl.")); (2) Petitioner's Supplemental Submission in Support of the Petition filed on August 31, 2018, (Doc. 10 ("Abakporo Supp. Mem.")); and (3) an affidavit from Petitioner's former counsel Lee Ginsberg filed on December 10, 2018, (Doc. 17 ("Ginsberg Aff.")).

and verdict sheet relating to Long Beach) (*id.* at 28-32);

6. Failure to object to purported prosecutorial misconduct during opening and closing statements (*id.* at 44-47);

7. Failure to request a restitution hearing or to object to the restitution amount, the calculation of loss under the Guidelines, or the forfeiture amount (*id.* at 51-53, 56-58);

8. Failure to argue that evidence relating to one of the defrauded mortgage lenders, Long Beach Mortgage Company, was purportedly not presented to the grand jury (*id.* at 10-11);

9. Failure to request judicial notice and jury instructions relating to the materiality of Abakporo's and Pierce's misrepresentations and omissions relating to the "private mortgage" Creekhill gave Ina McArthur (*id.* at 16-19);

10. Failure to call an expert witness to testify that "the FDIC for [Washington Mutual] cannot and is not acceptable to prove that [Washington Mutual], F.A. is FDIC insured" (*id.* at 25, 36);

11. Failure to investigate or call witnesses proposed by Abakporo—namely, Omatie Gbenebitse, Francis Megafu, and Omowumi Ijaola (*id.* at 34-35)

12. Failure to advance Abakporo's theory of New York law regarding powers of attorney (*id.* at 36-39);

13. Failure to move to dismiss the Indictment on Speedy Trial Act grounds (*id.* at 39-41); and

14. Failure to request jury instructions to limit the "prejudicial spill-over effect" of evidence relating to fraud in connection with loans obtained from unspecified lenders (*id.* at 4-44).

(Report at 21–22.)

On January 24, 2023, Judge Figueredo issued her Report recommending that I deny the § 2255 Petition in its entirety. (*Id.* at 50.) The Report first rejected each of the Fourteen Habeas Arguments and thoroughly explained Judge Figueredo's reasoning. (*Id.* at 22–46.) The Report then analyzed Petitioner's substantive challenges to his sentence and found that they "are waived or are otherwise barred." (*Id.* at 46–49.) The Report notified the parties that they had "fourteen

3

(14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections." (*Id.* at 50.) On February 3, 2023, Petitioner requested an extension of time, (Doc. 33), which I granted, (Doc. 34). On March 7, 2023, Petitioner filed his objections to the Report. (Doc. 35.) The Government did not file any objections to the report, nor seek additional time to do so.

## II.    Legal Standards

### A. *Review of a Magistrate Judge's Report*

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "If a party timely objects to any portion of a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015) (quoting 28 U.S.C. § 636(b)(1)(C)).

Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party . . . 'simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error.'" *Antrobus v. N.Y. City Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (quoting *Barrat v. Joie*, No. 96-CV-324, 2002 WL 335014, at * 1 (S.D.N.Y. Mar. 4, 2002)); *see also Pena v. Rivera*, No. 05-CV-3109, 2006 WL 2529771, at *1 (S.D.N.Y. Aug. 31, 2006). General and conclusory objections are also only reviewed for clear error. *See* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [magistrate judge's] proposed findings and recommendations.*")*; *Benitez v. Parmer*, 654 F. App'x 502, 503–04 (2d Cir. 2016) (summary order) ("[G]eneral objection[s] [are] insufficient to

4

obtain de novo review by [a] district court.").  Under a clear error standard of review, "[s]o long as there is a basis in the evidence for a challenged inference, [the court] do[es] not question whether a different inference was available or more likely."  *United States v. Freeman*, 443 F. App'x 664, 666 (2d Cir. 2011) (summary order) (quoting *Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007)).

Notably, a reviewing court need "respond only to 'those portions of the recommendations to which objection is made.'"  *Shukla v. Deloitte Consulting LLP*, No. 19-CV-10578, 2021 WL 3721349, at *3 (S.D.N.Y. Aug. 20, 2021) (quoting *United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997)).

### B.  *Habeas Relief*

Title 28 U.S.C. § 2255 authorizes any prisoner in custody under sentence of a federal court "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  "Section 2255 provides relief in cases where the sentence:  (1) was imposed in violation of the U.S. Constitution or the laws of the United States; [] (2) was entered by a court without jurisdiction to impose the sentence; [] (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral attack."  *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004) (citing 28 U.S.C. § 2255)).  The petitioner in a Section 2255 proceeding bears the burden of proof by a preponderance of the evidence.  *See Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) (citing *Parke v. Raley*, 506 U.S. 20, 31 (1992)).  A petitioner proceeding pro se is entitled to have his petition "read liberally and [] interpreted 'to raise the strongest arguments that [it] suggests.'"  *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (quoting *Burgos v.*

5

*Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

Unless the motion, case files, and record "conclusively show that the prisoner is entitled to no relief," a court must "grant a prompt hearing" and make findings of fact and reach conclusions of law regarding the issues raised in the motion. 28 U.S.C. § 2255(b). "To warrant a hearing, the motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle [the movant] to relief." *Gonzalez v. United States*, 722 F.3d 118, 131 (2d Cir. 2013). Where the asserted basis for relief is ineffective assistance of counsel, a hearing is required only "where the petitioner has made a plausible claim" for relief. *Morales v. United States*, 635 F.3d 39, 45 (2d Cir. 2011) (internal quotation marks omitted); *cf. Fermin v. United States*, 859 F. Supp. 2d 590, 602 (S.D.N.Y. 2012) (declining to hold hearing because the "[petitioner's] failure to provide specific facts about any conversations to support his claim suggest[ed] that a testimonial hearing would do nothing to reveal such facts"). The movant's assertions in support of the motion need not be assumed credible if they are contradicted by the record. *See Puglisi v. United States*, 586 F.3d 209, 214 (2d Cir. 2009) (collecting cases).

Ineffective assistance of counsel claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny. The question of ineffective assistance is determined by a two-part test. A defendant must demonstrate "(1) that counsel's performance was so unreasonable under prevailing professional norms that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment; and (2) that counsel's ineffectiveness prejudiced the defendant such that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Habbas*, 527 F.3d 266, 273 (2d Cir. 2008) (quoting *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004)).

"*Strickland*'s two-prong test applies equally to claims of ineffective assistance of appellate counsel on a defendant's first appeal as of right." *Aparicio v. Artuz*, 269 F.3d 78, 95 (2d Cir. 2001). However, to demonstrate deficient performance of appellate counsel, "it is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument. Counsel is not obliged to advance every nonfrivolous argument that could be made." *Id*. Instead, the petitioner must demonstrate "that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994). Evidence pertinent to a court's evaluation of a petitioner's ineffective-assistance claim may include "affidavits from former defense counsel regarding his strategy or explaining his conduct" and "affidavit[s] from the defendant" regarding defense counsel's conduct during trial court proceedings. *United States v. Capre-Herrera*, 249 F. App'x 881, 882 (2d Cir. 2007) (summary order).

With respect to the first prong—deficient performance—the inquiry is "highly deferential" and requires that "every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. The petitioner seeking relief must overcome the "strong presumption" that counsel's performance fell "within the wide range of reasonable professional assistance," *i.e.*, that counsel's conduct reflected reasonable strategic choices. *Id*.

With regard to the second prong—prejudice—a reasonable probability of a different outcome means a "probability sufficient to undermine confidence in the outcome." *Id*. at 694. Specifically, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. "It

is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (citing *Strickland*, 466 U.S. at 693); *see also Strickland*, 466 U.S. at 693 ("[N]ot every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding."). Moreover, "an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective." *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). Second Circuit precedent generally "requires some objective evidence other than defendant's assertions to establish prejudice." *Pham v. United States*, 317 F.3d 178, 182 (2d Cir. 2003).

Although a petitioner must satisfy both prongs to obtain relief, the Supreme Court has stated that "there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697; *see also Brown v. Artuz*, 124 F.3d 73, 80 (2d Cir. 1997) (declining to address the first prong of *Strickland* on the ground that the defendant could not satisfy the prejudice prong).

### III.    Discussion

Petitioner makes eight objections, summarized by the following headers contained in his objections:

1. "DEFENSE COUNSEL DID NOT CONDUCT ANY INVESTIGATION ON THE CASE AND FAILED TO CONTACT ANY OF THE POTENTAL WIITNESSES GIVEN TO HIM BY ABAKPORO."  (Obj. at 3.)

2. "COUNSEL NEGLIGENTLY WAIVED THE ISSUE OF 'LACK OF VENUE'

8

WHERE ALL THE EVENT'S [sic] AND PARTIES RELATIVE TO THE CASE ARE LOCATED IN THE EASTERN DISTRICT OF NEW YORK, BUT THE PROSECUTION HELD IN THE SOUTHERN DISTRICT OF NEW YORK." (*Id.* at 6.)

3. "COUNSEL FAILED TO CALL EXPERT WITNESS AND FAILED TO CHALLENGE THE GOVERNMENT WHEN THE PROSECUTOR INTRODUCED THE FDIC CERTIFICATE OF WAMU N.A. TO PROVE THE FDIC STATUS OF WAMU F.A. BEFORE THE JURY." (*Id.* at 8.)

4. "DEFENSE COUNSEL FAILED TO CHALLENGE THE WIRE FRAUD PROSECUTION PREMISED ON A STALE CRIME WHICH IS STATUTE BARRED 18 U.S.C. 3232. RE: LOAN FROM LONGBEACH MORTGAGE COMPANY." (*Id.* at 11.)

5. "SHOUJD [sic] A JURY FINDING WHICH IS CONTRARY TO A CONTROLING [sic] FEDERAL STATUTE BE ALLOWED TO STAND?" (*Id.* at 15.)

6. "THE GOVERNMENT DID NOT PROPERLY PRESENT EVIDENCE IN SUPPORT OF ITS WIRE FRAUD INDICTMENT PREMISED ON LONG BEACH MORTGAGE LOAN TO THE GRAND JURY AND THE GRAND JURY DID NOT RETURN AN INDICTMENT OF WIRE FRAUD PREMISED ON LONG BEACH COMPANY." (*Id.* at 17.)

7. "HUMBLE REQUEST FOR THE COURT TO CORRECT THE WRONG ARITHMETIC CALCULATION ERRONEOUSLY MADE BY THE DISTRICT COURT ON THE THIRTY – SIX THOUSAND ($36,000) LOSS WITH RESPECT TO WASHINGTON MUTUAL LOAN." (*Id.* at 18.)

8. "AT THE JURY TRIAL, THE COURT FAILED TO SUBMIT THE ISSUE OF

   MATERIALITY OF THE McCARTHER PRIVATE LOAN TO JURY FOR

   DETERMINATION AND COUNSEL FAILED TO RAISE ANY OBJECTION."

   (*Id.* at 20.)

I address each objection in turn.

## A.  *Ineffective Assistance of Counsel Claims*

The first six objections and the eighth objection are essentially claims of ineffective assistance of counsel.  Crucially, however, Petitioner simply repeats the arguments he originally made as part of the Fourteen Habeas Arguments, arguments that Judge Figueredo addressed and rejected.  The first objection—involving failure to investigate or contact certain potential witnesses, namely Omowumi Ijaola, Francis Megafu, and Omatie Gbenebitse—correlates to the eleventh Habeas Argument he made.  (Report at 22 ("11. Failure to investigate or call witnesses proposed by Abakporo—namely, Omatie Gbenebitse, Francis Megafu, and Omowumi Ijaola (*id.* at 34-35).").  The second objection—involving the issue of venue—correlates to the fourth Habeas Argument.  (*Id.* at 21 ("4. Failure to argue that venue was not proper in this District (Abakporo Decl. at 19-24, 32-34).").  The third objection—involving the issue of whether Washington Mutual and Washington Fremont were FDIC-insured financial institutions— correlates to the third and tenth Habeas Arguments.  (*Id.* at 21 ("3. Failure to offer evidence purportedly showing that Washington Mutual and Fremont were not FDIC-insured 'financial institutions' when the subject loans were issued, or to object to the prosecution's evidence supporting this showing (*id.* at 11-16; *see also* Abakporo Supp. Mem. at 1-23)"), 22 ("10. Failure to call an expert witness to testify that 'the FDIC for [Washington Mutual] cannot and is not acceptable to prove that [Washington Mutual], F.A. is FDIC insured' (*id.* at 25, 36).")).  The

10

fourth objection—involving the statute of limitations of the wire-fraud charge regarding the Long Beach Mortgage Company—correlates to the fifth Habeas Argument.  (*Id.* at 21 ("5. Failure to move to dismiss as barred by the statute of limitations allegations in the indictment relating to fraud against Fremont and Long Beach (and failing to investigate the ownership of Long Beach or to object to the jury instructions and verdict sheet relating to Long Beach) (*id.* at 28-32).").  The fifth and sixth objections are essentially the same as Petitioner's fourth:  he argues that his wire-fraud conviction should not stand because the statute of limitations had expired, that his counsel's advocacy regarding this issue was "another glaring example of ineffective assistance of defense counsel," and that the Government failed to present evidence related to the Long Beach Mortgage company sufficient for the grand jury to return an indictment of the wire-fraud charge.  (Obj. at 15–18.)  However, Judge Figueredo already addressed the types of evidence presented to the grand jury regarding Long Beach Mortgage Company.  (Report 31–32.)  Finally, the eighth objection—involving the trial court's supposed failure to instruct the jury regarding the McCarther loan, and counsel's failure to raise the issue—correlates to the ninth Habeas Argument.  (*Id.* at 22 ("9. Failure to request judicial notice and jury instructions relating to the materiality of Abakporo's and Pierce's misrepresentations and omissions relating to the 'private mortgage' Creekhill gave Ina McArthur.").)

    In short, Petitioner's first six objections and eighth objection related to ineffective assistance of counsel were already made and rejected by Judge Figueredo.  Because Petitioner "simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 174 (S.D.N.Y. 2018).

    I find no such clear error.  With regard to the first objection, Judge Figueredo carefully reviewed the affidavit submitted by Petitioner's former counsel Lee Ginsberg ("Ginsberg") and

11

found that the affidavit "undermines Petitioner's claim that calling these witnesses would have helped Petitioner's defense." (Report at 34.) "[C]ounsel's decision as to whether to call specific witnesses—even ones that might offer exculpatory evidence—is ordinarily not viewed as a lapse in professional representation." *United States v. Best*, 219 F.3d 192, 201 (2d Cir. 2000) (internal quotation marks omitted). Judge Figueredo emphasized Petitioner's failure to "provide any objective basis . . . to support his assertion that these witnesses would have given exculpatory testimony." (Report at 35.) I find no clear error here.

With regard to the second objection, Judge Figueredo found that Petitioner is barred from making his venue-based argument in this habeas petition because it was already argued and rejected on appeal. (Report at 26–27.) Judge Figueredo analyzed Petitioner's pro se brief on appeal, which argued that the alleged criminal conduct all occurred in the Eastern District of New York—an argument that the Second Circuit rejected. (*Id.*) Indeed, Petitioner concedes that he "raised the issue of lack of venue" on appeal, and that "the Court of [A]ppeal upheld the government's argument." (Obj. at 7.) "It is well accepted that a § 2255 petition is not a substitute for a direct appeal and that a federal prisoner cannot use a § 2255 petition to relitigate claims already raised on direct appeal." *Barbarino v. United States*, No. 10-CR-476 , 2017 WL 1378251, at *3 (S.D.N.Y. Apr. 11, 2017) (citing *Reese v. United States*, 329 F. App'x 324, 326 (2d Cir. 2009) (summary order). Judge Figueredo was correct on both the law and its application here, and I find no clear error.

With regard to the third objection, Judge Figueredo addressed the same issues in analyzing the third and tenth Habeas Arguments. First, Judge Figueredo found that Petitioner's counsel had already made this argument—that certain banking entities were not insured by the FDIC—in a post-trial Rule 29 motion for a judgment of acquittal as well as on direct appeal.

12

(Report at 25–26.)  The arguments were rejected both times.  (*Id.*)  Because Petitioner could not relitigate a claim he already raised on direct appeal, Judge Figueredo found that he was "foreclosed from relitigating the claim here." (*Id.* at 26.)  Petitioner does not dispute that this argument was raised and decided on appeal.  Second, Judge Figueredo rejected Petitioner's argument that his counsel "fail[ed] to call an expert witness to testify that" a certain banking entity was not FDIC-insured.  (*Id.* at 35.)  Judge Figueredo again reviewed Ginsberg's affidavit and found that Petitioner's "counsel made the strategic determination that cross-examination of the Government's witnesses on the issue of the FDIC-status of the lending institutions would be more effective than calling an expert witness." (*Id.* at 36.)  Judge Figueredo again emphasized that Petitioner provided no evidence demonstrating how expert testimony would have been favorable to Petitioner.  (*Id.* at 37.)  I accordingly find no clear error.

With regard to the fourth objection, Judge Figueredo noted that Petitioner and his co-defendant "both moved to dismiss" the operative indictment "on statute-of-limitation grounds." (*Id.* at 27.)  Judge Figueredo aptly noted:  "As the record establishes, Abakporo's counsel did precisely what Petitioner now claims he should have done." (*Id.* at 28.)  Judge Figueredo also pointed out that Petitioner had made this exact argument—that his wire-fraud conviction should be thrown out as untimely—on appeal, an argument that the Second Circuit rejected.  (*Id.* at 28–29.)  Petitioner fails to dispute that this argument was argued and rejected on appeal.  As discussed, Petitioner cannot use this habeas petition to relitigate claims he already raised on direct appeal.  I therefore find no clear error.

With regard to the fifth and sixth objections, Petitioner argues that that the grand jury blindly listened to the prosecution's witnesses and "listen[ed] to direction from the prosecutor," without any actual evidence.  (Obj. at 17.)  Petitioner argues that his counsel's purported failure

to raise this issue is "another glaring example of ineffective assistance of defense counsel." (*Id.* at 17.) With regard to the merits of his objection, Petitioner quotes the Report when it stated: "To be sure, the grand jury minutes indicate that no witness expressly mentioned Long Beach Mortgage Company, but the evidence presented to the grand jury showed that Long Beach was the lender for the 1308 Canton Avenue property." (*Id.* (quoting (Report at 31–32).) Petitioner then asserts that Magistrate Judge Figueredo "fail[ed] to tell us the kind of document she saw and its relevance to the elements of the crime of wire fraud." (*Id.* at 18.) However, Judge Figueredo clearly identified the documents she reviewed or relied on in making her determination. Judge Figueredo cited to the trial transcript in Petitioner's criminal trial in finding that "the grand jury heard extensive evidence about the fraudulent transfer of 1308 Canton Avenue from Ihim to Gbenebitse, using a mortgage loan issued by Long Beach, and the subsequent transfer of that property to another straw buyer, Francis Megafu." (Report at 32 (citations omitted).) I find no clear error in the Report when it clearly explained the basis for the determination that "Petitioner's assertion that the grand jury proceedings were void of evidence relating to the Long Beach Mortgage Company transactions is meritless." (*Id.*)

Finally, with regard to the eighth objection, the Report addresses Petitioner's argument that the jury instructions did not involve the McCarther loan and that his counsel failed to raise this related issue. (Report 32–33.) The Report explained that the issue of the McCarther loan was immaterial and that Petitioner failed to demonstrate any such prejudice. (*Id.* at 33.) I find no clear error here.

In sum, I find no clear error in the Report and Recommendation concerning Petitioner's first six objections and eighth objection related to ineffective assistance of counsel.

### B. *Remaining Objections*

14

I now turn to the only remaining objection—that the sentencing court miscalculated the amount of loss suffered by Washington Mutual. (Obj. at 18.) This objection was appropriately addressed by Judge Figueredo because the loss-calculation argument was already presented to and rejected by the Second Circuit on direct appeal. (Report at 46.) In analyzing Petitioner's claim of ineffective assistance of counsel related to the issue of loss calculation, the Report considered the record and noted: "On appeal, counsel for Petitioner argued that the sentence should be vacated as procedurally unreasonable, and that the case should be remanded for re-sentencing due to the district court's erroneous application of an excessive loss calculation." (*Id.* at 30–31.) Judge Figueredo also highlighted that "[t]he Second Circuit summarily rejected Abakporo's arguments on appeal relating to the district court's loss-calculation," and that "[b]ecause Petitioner raised this claim on direct appeal, it is procedurally barred." (*Id.* at 31.) Petitioner's Objections do not dispute that this argument was raised on direct appeal and merely repeat the merits-based argument previously made. I find no clear error in the Report's analysis and determination, which effectively rejected Petitioner's argument.

## IV.    Conclusion

All of Petitioner's objections are attempts to relitigate issues that Magistrate Judge Figueredo already considered and rejected. Because I find that the Report did not commit any clear error, I hereby ADOPT the Report of Magistrate Judge Figueredo in its entirety and DENY the Petition.

The Clerk of Court is respectfully directed to terminate the open motions on the docket and to close the case.

Because Petitioner has not "made a substantial showing of the denial of a constitutional right," a certificate of appealability will not be issued. *See* 28 U.S.C. § 2253(c)(2).

15

SO ORDERED.

Dated:        January 6, 2026
                New York, New York

                                                  Vernon S. Broderick
                                                  United States District Judge